**Township of Upper Darby v. Bray**

*Alvin S. Ackerman,* for plaintiff.

*John C. Alden,* for defendant.

BRIAN, J., August 3, 1973.—On July 31, 1973 at 10:20 a.m., the Township of Upper Darby filed a complaint in equity seeking to enjoin defendant, operator of a so-called "Adult Book store" in Upper Darby, from exhibiting, selling or distributing certain materials alleged to be "obscene," including various illustrated pamphlets and magazines.

On the same date, at 2 p.m., plaintiff sought and obtained an ex parte injunction (per Sand, J.), whose terms restrained defendant "from engaging in the sale, exhibition, or distribution of any book, magazine, film or image or any part thereof, which depicts or describes human beings engaged in 'sexual intercourse,' 'deviate sexual intercourse,' 'indecent contact,' and/or 'sadomasochistic abuse' as the same are defined in sections 3101 and 5903 of the Crimes Code of the Commonwealth of Pennsylvania."

The record is bare of any affidavit or other evidence of "immediate and irreparable injury," apart from the averment of the complaint itself, upon which the issuance of the preliminary injunction without notice to defendant was based. See Pennsylvania Rule of Civil Procedure 1531(a).

A hearing on the continuance of the preliminary injunction was scheduled for August 2, 1973, in conformity with Pa. R.C.P. 1531(d).

At the commencement of the hearing, defendant moved for a continuance of the hearing at the request of his client in order to obtain additional counsel; and further moved for dismissal of the action on the ground that the Township of Upper Darby is an improper party. We decide that the motion to dismiss must be granted.

The action before us was instituted under the pro-

visions of the new Pennsylvania Crimes Code of December 6, 1972, P.L. 1068, effective June 6, 1973, 18 PS §101, et seq. Section 5903 of the Code, entitled "Obscenity," reenacts the prior law set forth in section 524 of the Penal Code of 1939, 18 PS §4524, without change. Subsection (h) reads as follows:

"(h) Injunction.—The district attorney of any county in which any person sells, lends, distributes, exhibits, gives away or shows, or is about to sell, lend, distribute, exhibit, give away or show, or has in his possession with intent to sell, resell, lend, distribute, exhibit, give away or show, any obscene literature, book, magazine, pamphlet, newspaper, storypaper, paper, comic book, writing, drawing, photograph, figure or image, or any written or printed matter of an obscene nature, or any article or instrument of an obscene nature, may institute proceedings in equity in the court of common pleas of said county for the purpose of enjoining the sale, resale, lending, distribution, exhibit, gift or show of such obscene literature, book, magazine, pamphlet, newspaper, storypaper, paper, comic book, writing, drawing, photograph, figure or image, or any written or printed matter of an obscene nature, or any article or instrument of an obscene nature, contrary to the provisions of this section, and for such purposes jurisdiction is hereby conferred upon said courts. A preliminary injunction may issue and a hearing thereafter be held thereon in conformity with the Rules of Civil Procedure upon the averment of the district attorney that the sale, resale, lending, distribution, exhibit, gift or show of such publication constitutes a danger to the welfare or peace of the community. The district attorney shall not be required to give bond."

We deem the grant of statutory authority to the district attorney to initiate equitable proceedings to

suppress pornography is exclusive and cannot be exercised by any other person or entity. It is urged upon us, however, by plaintiff township that the designation of the district attorney in this section does not necessarily preclude any citizen (or a political subdivision) from initiating a suit for injunctive relief, as he may similarly file a complaint as private prosecutor charging a criminal offense.

The analogy of the private prosecutor, superficially plausible, will not withstand analysis. A suit in equity to restrain the commission of a crime is an extraordinary remedy at common law and is sparingly used in the criminal statutes. Its purpose is to provide an additional tool to the prosecutive agencies in those limited situations where the usual process of indictment, trial and sentence upon conviction is thought to be inadequate to deal with ongoing criminal conduct dangerous to the welfare of the community. Such a tool is not intended to be indiscriminately available to every citizen who may privately conclude that some particular action or conduct ought to be enjoined. This is especially true in the sensitive area of First Amendment rights. A construction such as plaintiff urges would grant every private individual the right to have the courts pass upon his version of what is obscene. The potential multiplicity of such suits is staggering to contemplate.

Our conclusions are buttressed by a judicial interpretation of comparable grants of authority in section 611 of the Liquor Code of April 12, 1951, P.L. 90, 47 PS §6-611 and in section 3 of the Act of June 23, 1931, P.L. 1178, 68 PS §469, dealing with buildings used for fornication, etc. In almost identical language both statutes pertinently state that an action to enjoin any nuisance defined in their respective sections "may be brought in the name of the Commonwealth of Penn-

sylvania by the Attorney General or by the District Attorney" of the county concerned.

In the case of Commonwealth v. Reis Enterprises, Inc., 31 D. & C. 2d 402 (1963), a complaint in equity was filed in the name of the Commonwealth of Pennsylvania and the City of Philadelphia by the City Solicitor of Philadelphia to abate a nuisance as defined in both of the statutes cited supra.

Although the city solicitor's position was at least arguable that the Philadelphia Home Rule Charter gave him independent authority to commence the action, the court dismissed, stating at page 404:

"In view of the language of section 611(b) of the Liquor Code and section 3 of the Act of June 23, 1931, supra, which explicitly designates the Attorney General or the district attorney of the county concerned as the proper governmental official to institute court action to abate the statutory nuisances therein defined, we cannot conclude that the above section authorizes the city solicitor to by-pass the district attorney and institute this action . . . [W]e hold that, although the city solicitor may investigate the type of violation here under consideration, there is no authority under the law for him to bring this action but only for the Attorney General or the district attorney. It is for either of these officers, and not the city solicitor, after the result of investigations made regarding alleged violations of the statutes in question, to make a judgment and exercise their discretion as to whether or not a suit should be instituted."

Similarly, we hold that the District Attorney of Delaware County, in the exercise of his discretionary authority under the obscenity section of the Crimes Code, is alone empowered to initiate proceedings in equity under this section.

We note, in passing, our grave doubt, in the cir-

cumstances of this case, as to the propriety of the issuance of an ex parte injunction in the first place. See Commonwealth v. Guild Theatre, Inc., 432 Pa. 378 (1968). While that order may have been vulnerable for the reasons stated in the Guild Theatre case, it is not necessary to so find in the light of our holding above stated.

## ORDER

And now, August 3, 1973, preliminary injunction entered on July 31, 1973, is dissolved and plaintiff's complaint in equity is hereby dismissed.